**UNITED STATES of America,**
**Appellee,**

v.

**Saverio GALASSO, III; Michael Delucia; Robert Misseri; Gary Hendrickson; Joseph Pistone; David Hutter; James Dolce; William J. Mooney; Joseph Franzese, Defendants,**

**and**

**Joseph Cernera, Defendant–Appellant.**

**Docket No. 02–1233.**

United States Court of Appeals,
Second Circuit.

Nov. 7, 2002.

Cernera principally argues that (1) the evidence was insufficient to prove his guilt beyond a reasonable doubt, particularly with regard to evidence that he acted with scienter, and (2) he received ineffective assistance of counsel.

■ (1) Considering a claim of insufficiency, we view the evidence in the light most favorable to the government, draw all reasonable inferences in the government's favor, and consider the evidence in its totality rather than in isolation, noting that the government need not negate every theory of innocence. *United States v. Autuori,* 212 F.3d 105, 114 (2d Cir.2000). Under this standard, Cernera's own testimony as to his knowledge of IDI's condition, at a time when (others testified) he was promoting IDI stock, is sufficient to establish scienter. *See United States v. Velasquez,* 271 F.3d 364, 371 (2d Cir.2001) ("[O]nce a defendant offers evidence after the denial of a motion for acquittal at the close of the Government's case in chief . . . the defendant waives any claim as to the sufficiency of the Government's case considered alone." (quoting *United States v. Maniego,* 710 F.2d 24, 28 (2d Cir.1983))).

■ (2) To prevail on an ineffective assistance claim, Cernera must show both that his legal representation fell below an objective standard of reasonableness, and that the result of the proceeding would have been different but for counsel's failings. *United States v. Ben Zvi,* 242 F.3d 89, 96 (2d Cir.2001). The district court stated that Cernera had "outstanding, effective assistance of counsel," J.A. at 484, and Cernera admits that "[t]he evidence [against him] was overwhelming," including his own "multiple contradicting statements," Appellant's Br. at 27. Any errors made by his counsel were harmless.

Francis P. Murphy, Sayville, NY, for Appellant.

James Miskiewicz, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York, New York, NY, (Alan Vinegrad, United States Attorney, Emily Berger, Assistant United States Attorney, on the brief), for Appellee.

Present JACOBS, SACK, Circuit Judges, and TRAGER,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant Joseph Cernera appeals from a final judgment of conviction on two counts of wire fraud, in violation of 18 U.S.C. § 1343, after a jury trial in United States District Court for the Eastern District of New York (Spatt, J.). On appeal,

* The Honorable David G. Trager, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

Cernera's bald contention that advice was not "forthcoming" regarding a plea offer is unaccompanied by any more specific allegations and unsupported by any evidence in the record.

We have considered Cernera's other arguments and find them to lack merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**